### BACHEMAIN vs. HIS CREDITORS.

#### APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW ORLEANS.

Where the judge *a quo*, has made a statement of facts, it is not required to show that any attempt was made to have one made between the parties. The Supreme Court will presume that the judge has done his duty, and did not volunteer in making a statement, till it was his duty to do so.

The syndic of an insolvent cannot, on a mere motion, be made liable *de bonis proprius*.

Where there is a statement of facts, the cause is examinable in every one of its parts without exception.

A creditor of the insolvent, took a rule upon the syndic, to shew cause, why he should not, within a given time, file a tableau of distribution, or be condemned to pay the amount of the claim. Service of the rule was made upon the syndic, who not answering, the rule was made absolute for the payment of the claim; and the syndic appealed.

The record was certified by the judge, to contain all the matters of fact upon which the case was tried.

*Hoffman,* for appellee, prayed the dismissal of the appeal, on the ground, that it was not brought up comformably to law.

*Martin, J.,* delivered the opinion of the court.

The syndic, in this case, having neglected to file a tableau of distribution, Shamburgh, one of the creditors, obtained a rule on him, to shew cause why he should not, within a fortnight, file a tableau, or be decreed to pay the appellant's claim.

The rule was served: the syndic took no notice of it. The

rule was made absolute for the payment of the claim; and he appealed.

The appellee has prayed for the dismissal of the appeal, on the ground, that there was no statement of facts.

The judge has certified, that the record contained all the matters of facts on which the cause was tried.

It has been urged, that the appellant does not appear to have made any attempt to have a statement of facts agreed upon with the appellee or his counsel; and there appears no facts on the record, neither has the case been tried on any documents.

We are not aware that it was ever, in any case before us, required, where the judge *a quo* has made a statement of facts, to prove a vain effort of the appellants, at having one made between the parties. We presume the judge has done his duty, and did not volunteer in making a statement till it became his duty to do so.

*Where the judge a quo has made a statement of facts, it is not required to show that any attempt was made to have one made between the parties. The supreme court will presume that the judge has done his duty, and did not volunteer in making a statement until it was his duty to do so.*

We are ignorant of any better way the judge has to state the facts, in a case like the present than by a reference to the record, and his certificate that no fact is therein omitted. We think the appeal ought to be sustained.

On the merits. It is clear, the remedy against the syndic was mistaken. He could not, on a mere motion, be made liable *de bonis proprius*.

*The syndic of an insolvent cannot on a mere motion, be made liable de bonis proprius.*

The appellant's has urged, that we cannot correct the error of the first judge, because there is no assignment of error.

There is a statement of facts, and in such a case, the case is before us examinable in every one of its parts without exception.

*Where there is a statement of facts the cause is examinable in all parts without exception.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed; the cause remaned it for further proceedings, and that the appellee pay costs in both courts.